AMBROSE A. SAWYER, SR., EMPLOYEE, PLAINTIFF v. FEREBEE & SON, INC., EMPLOYER; GREAT AMERICAN INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 8510IC556

(Filed 3 December 1985)

**Master and Servant § 77.1— workers' compensation—scar tissue not change of condition**

Plaintiff was not entitled to additional compensation for a back injury based on a change of condition where the evidence showed that the intensifying of plaintiff's physical problems is due to scar tissue from an operation performed prior to the original award and that plaintiff's continued incapacity is, therefore, of the same kind and character as his incapacity at the time of the original award.

APPEAL by defendants from opinion and award of the North Carolina Industrial Commission dated 25 January 1985. Heard in the Court of Appeals 20 November 1985.

This is a proceeding under the North Carolina Workers' Compensation Act wherein plaintiff seeks to recover compensation for injuries received while working for defendant Ferebee & Son, Inc. The record discloses the following pertinent facts: On 2 November 1979 plaintiff suffered a ruptured disk when he fell off a railroad hopper car. He was seen by a neurosurgeon, Dr. James Dillon, in February 1980, and was operated on by Dr. Dillon in March 1980. Dr. Dillon continued to treat plaintiff until December 1980 at which time Dr. Dillon took a sabbatical from private practice. Plaintiff's care was transferred to a Dr. Rish who was a member of Dr. Dillon's firm of neurosurgeons. Dr. Rish discharged plaintiff in July 1981, after giving him a 40 percent permanent partial disability rating of the back.

On 29 September 1981 the Industrial Commission awarded plaintiff compensation based upon Dr. Rish's 40 percent disability rating. The award was later amended to provide that plaintiff had reached maximum medical improvement on 14 August 1981.

Dr. Dillon returned to private practice in November 1983 and resumed plaintiff's care. He found "weakness of the dorsiflexor muscles of the right foot . . ., loss of sensation [in the back]," and "[t]he range of motion in his back was remarkably less than it was during the pre-operative evaluation that we did on him. . . . [H]e was unable to sit, or stand or bend comfortably even to a minimal degree."

Based on these findings, plaintiff made a claim under G.S. 97-47 for additional compensation due to an alleged change of condition. The Commission concluded that "plaintiff's physical condition has changed for the worse since he was awarded compensation for a 40 percent permanent partial disability rating of the back in September, 1981." The Commission then awarded plaintiff compensation based on a finding of total permanent disability "for as long as he remains totally incapable of earning any wages." The Chairman of the Industrial Commission dissented, and defendants appealed.

*Russell E. Twiford for plaintiff, appellee.*

*Leroy, Wells, Shaw, Hornthal & Riley, by L. P. Hornthal, Jr., for defendants, appellants.*

HEDRICK, Chief Judge.

The sole issue on appeal is whether the evidence in the record is sufficient to support the Industrial Commission's finding that plaintiff has suffered a change of condition so as to entitle him to compensation for 100 percent total permanent disability based on that change.

Our Supreme Court has defined "change of condition" in the following manner:

> Change of condition 'refers to conditions different from those existent when the award was made; and a continued incapacity of the same kind and character and for the same injury is not a change of condition . . . the change must be actual, and not a mere change of opinion with respect to a pre-existing condition.' . . . Change of condition is a substantial change, after a final award of compensation, of physical capacity to earn. . . .

*Pratt v. Upholstery Co.*, 252 N.C. 716, 722, 115 S.E. 2d 27, 33-34 (1960), quoting 101 C.J.S., Workmen's Compensation, Sec. 854(c), pp. 211-12.

We do not question that plaintiff's condition may have worsened after his surgery in March 1980. We find no evidence in the record, however, that there has been a change of condition, as that term is defined, since the September 1981 award.

According to Dr. Dillon's own testimony, plaintiff's condition has remained "essentially unchanged." In his opinion, the intensifying of plaintiff's physical problems was due to "the scar tissue that always infiltrates any area where an operation has been done." Plaintiff's "continued incapacity," therefore, is of the same kind and character as his incapacity at the time of the September 1981 award, and is not a change of condition within the meaning of the statute. Additionally, the record discloses that Dr. Dillon did not examine plaintiff from December 1980 until September 1981 (the date of the original award), and so he would thus be unable to testify as to plaintiff's amount of disability at the time of the award. If he did not have first-hand knowledge of plaintiff's condition at the time of the original award, his testimony is certainly incompetent as to whether plaintiff has suffered a change of condition since that time.

Accordingly, the Industrial Commission's award granting plaintiff compensation based on a rating of 100 percent total permanent disability must be reversed.

Reversed.

Judges WHICHARD and JOHNSON concur.