SIDNEY C. CRUMP, Plaintiff-Employee v. INDEPENDENCE NISSAN, De-
fendant-Employer, and EMPLOYERS MUTUAL CASUALTY COMPANIES,
Defendant-Carrier

No. 9210IC982

(Filed 16 November 1993)

1. **Master and Servant § 94 (NCI3d)— full Commission's adoption
of deputy's opinion and award—no error—use of Court's for-
mat preferable**

It was not error for the full Commission to adopt the
opinion and award of the deputy commissioner, and the full
Commission in substance complied with N.C.G.S. § 97-85;
however, it is the better practice for the full Commission,
when reviewing an award of a deputy commissioner, to follow
a format such as that included in this opinion.

**Am Jur 2d, Workers' Compensation § 602.**

2. **Master and Servant § 94.3 (NCI3d)— agreement for workers'
compensation benefits contested after two years—refusal to
set aside proper**

Where plaintiff entered into an agreement for workers'
compensation benefits, accepted all the benefits from it, and
chose not to contest it until almost two years after entering
the agreement, the Industrial Commission was correct in not
setting aside the original award and in denying plaintiff addi-
tional benefits under N.C.G.S. § 97-30.

**Am Jur 2d, Workers' Compensation §§ 639, 651.**

3. **Master and Servant § 77.1 (NCI3d)— workers' compensation—
no change in employee's condition**

Evidence was sufficient to support the Industrial Commis-
sion's conclusion that plaintiff did not experience a change
of condition, even though plaintiff had been given a disability
rating of 15% shortly after his injury and another doctor gave
him a 30% disability rating two years after his injury.

**Am Jur 2d, Workers' Compensation §§ 612, 652.**

Appeal by plaintiff from opinion and award of the North Carolina
Industrial Commission filed 1 July 1992. Heard in the Court of
Appeals 15 September 1993.

On 25 May 1987, plaintiff sustained a compensable injury to his back when he changed a tire and picked up a wheel. He was sixty-one years old and was a front-end specialist for defendant auto dealership at the time of his injury. On 30 June 1987, plaintiff saw Dr. James A. Pressly, an orthopedic surgeon. Dr. Pressly concluded that plaintiff suffered from spondylolisthesis and gave him a disability rating of 15%.

Plaintiff returned to Independence Nissan on 21 September 1987 to serve in a supervisory position for less hours and less wages than before the accident. This arrangement continued until plaintiff retired on 19 March 1988, at which time he began receiving social security benefits. He continued to work part-time for defendant in a supervisory capacity for five hours a day, two days a week at a salary of $125 per week, the maximum amount he could earn without affecting his social security benefits.

On 29 September 1987, several days after returning to work in a supervisory role, plaintiff agreed on Form 26 to accept forty-five weeks of permanent disability compensation at the 15% rating found by Dr. Pressly beginning 31 August 1987. The Commission approved the award on 15 October 1987.

On 27 April 1989, plaintiff requested a hearing pursuant to N.C. Gen. Stat. § 97-47 on the ground that another doctor, who saw plaintiff in 1989, gave him a 30% disability rating. The new doctor commented that the discrepancy with Dr. Pressly's rating was "a difference of opinion." The deputy commissioner who heard the evidence concluded that plaintiff did not sustain a change of condition within the meaning of G.S. § 97-47. The full Commission reviewed the record with reference to plaintiff's assignments of error, concluded there was no adequate ground to amend the award, and adopted the deputy commissioner's opinion and award as its own. From this opinion and award plaintiff appeals.

*Seth M. Bernanke for plaintiff appellant.*

*Caudle & Spears, P.A., by Lloyd C. Caudle and Lisa M. Crotty, for defendant appellees.*

ARNOLD, Chief Judge.

[1] Plaintiff first assigns error to the full Commission's adoption of the deputy commissioner's opinion and award. Plaintiff argues that it is not sufficient for the full Commission to merely adopt

CRUMP v. INDEPENDENCE NISSAN

[112 N.C. App. 587 (1993)]

the deputy commissioner's opinion and award and that if the record is not adequate to determine whether or not the deputy commissioner was mistaken in law and fact, then the case should be remanded for further fact finding by the Commission. We disagree.

N.C. Gen. Stat. § 97-85 provides for the review of an award by the full Commission:

If application is made to the Commission within 15 days from the date when notice of the award shall have been given, the full Commission shall review the award, and, if good ground be shown therefor, reconsider the evidence, receive further evidence, rehear the parties or their representatives, and, if proper, amend the award . . . .

This statute clearly provides for review of a deputy commissioner's award by the full Commission upon application to the Commission.

In reviewing the deputy commissioner's award, the full Commission has the authority to determine the case from the written transcript of the hearing before the deputy commissioner and the record before it. *Joyner v. Rocky Mount Mills*, 92 N.C. App. 478, 374 S.E.2d 610 (1988). Alternatively, the full Commission shall reconsider the evidence, receive further evidence, or rehear the parties or their representatives "if good ground be shown therefor." G.S. § 97-85. The question of whether "good ground be shown therefor" is a matter within the sound discretion of the full Commission, and the full Commission's determination in that regard will not be reviewed on appeal absent a showing of manifest abuse of that discretion. *Lynch v. M.B. Kahn Constr. Co.*, 41 N.C. App. 127, 254 S.E.2d 236, *disc. review denied*, 298 N.C. 298, 259 S.E.2d 914 (1979). Although the decision to take additional evidence is one within its sound discretion, the full Commission has the duty and responsibility to decide all matters in controversy between the parties, *Joyner*, 92 N.C. App. at 482, 374 S.E.2d at 613, and, if necessary, the full Commission must resolve matters in controversy even if those matters were not addressed by the deputy commissioner. *See Garmon v. Tridair Indus., Inc.*, 14 N.C. App. 574, 188 S.E.2d 523 (1972). Therefore, when the transcript and record before the full Commission is insufficient to resolve all the issues, "the full Commission must conduct its own hearing *or remand* the matter for further hearing." *Joyner*, 92 N.C. App. at 482, 374 S.E.2d at 613 (emphasis added).

Upon the record before it, after conducting a further hearing, or after remanding to a deputy commissioner for further hearing, "[t]he Industrial Commission has authority to review, modify, *adopt*, or reject findings of a hearing commissioner . . . ." *Garmon*, 14 N.C. App. at 576, 188 S.E.2d at 524 (emphasis added). The full Commission, based on the findings of fact it has modified, adopted, or entered on its own, must then make conclusions of law as to all matters in controversy. Based upon its conclusions of law, the full Commission shall, "if proper," amend the award.

Following an appeal to this Court if the case is remanded to the Commission, the full Commission must strictly follow this Court's mandate without variation or departure. *See D & W, Inc. v. City of Charlotte*, 268 N.C. 720, 152 S.E.2d 199 (1966). Ordinarily upon remand the full Commission can comply with this Court's mandate without the need of an additional hearing, but upon the rare occasion that this Court requires an additional hearing upon remand the full Commission must conduct the hearing without further remand to a deputy commissioner. *Vieregge v. N.C. State Univ.*, 105 N.C. App. 633, 414 S.E.2d 771 (1992). Such an additional hearing without remand to the deputy commissioner avoids an additional delay in cases where the resolution of a plaintiff's claim has already been long delayed. *See Hardin v. Venture Constr. Co.*, 107 N.C. App. 758, 421 S.E.2d 601 (1992).

In this case, the full Commission adopted as its own the opinion and award of the deputy commissioner. Pursuant to a proper review of the award of the deputy commissioner, the full Commission could have adopted the deputy commissioner's findings and entered its own conclusions of law. The full Commission's adoption of the opinion and award here necessarily included an adoption of the deputy commissioner's findings of fact, and the full Commission's finding that no adequate ground existed to amend the award is tantamount to a conclusion of law. In substance, the full Commission has complied with N.C. Gen. Stat. § 97-85, and we hold that it did not err in adopting the opinion and award of the deputy commissioner.

We believe, however, that it would be a better practice for the full Commission, when reviewing an award of a deputy commissioner, to follow a format such as the following.

CRUMP v. INDEPENDENCE NISSAN

[112 N.C. App. 587 (1993)]

```
)
)      OPINION AND AWARD
)            By
)        Howard  Bunn
)        Chairman, N.C.
)     Industrial  Commission
```

The award by Deputy Commissioner L.B. Shuping, Jr. filed 15 July 1993, is being reviewed by the Full Commission pursuant to N.C. Gen. Stat. § 97-85 upon application by (appealing party).

The undersigned have reviewed the award based upon the record of the proceedings before the deputy commissioner.

The appealing party has (or "has not") shown good ground to

(a) reconsider  the  evidence. . . . . . . . . . . . . . . . . _____;

(b) receive  further  evidence . . . . . . . . . . . . . . . . _____;

(c) rehear  the  parties  or  their
    representatives . . . . . . . . . . . . . . . . . . . . . . . . . _____.

The Full Commission adopts all findings of fact found by the deputy commissioner as follows: . . . .

(Or "The Full Commission rejects the findings of fact found by the deputy commissioner and finds as follows: . . . .")

(Or "The Full Commission modifies the findings of fact found by the deputy commissioner as follows: . . . .")

(Or "Based upon further hearing by the Full Commission, the Full Commission finds as follows: . . . .")

(Or "The Full Commission remands this case to the deputy commissioner for the following purpose: . . . .")

Based upon the findings of fact as found by the deputy commissioner (or "as modified" or "as found by the undersigned"), the Full Commission concludes as follows: . . . .

Based upon these conclusions of law, the Full Commission amends the award as follows: . . . . (or "has determined there exists no basis for amending the award.")

This format, which is intended only as a guide, addresses all of the full Commission's duties and options under N.C. Gen. Stat. § 97-85. A clear, concise, and complete opinion and award by the full Commission, moreover, will enable this Court to better understand the full Commission's opinion and award without having to refer back to the deputy commissioner's decision.

[2]  Plaintiff also argues that the Commission erred by finding that plaintiff was not entitled to additional benefits under N.C. Gen. Stat. § 97-30 for partial incapacity. We disagree.

Plaintiff and defendant agreed on plaintiff's compensation and submitted the agreement to the Commission for its approval. The Commission approved the agreement, and it thereby became a final award. *Brookover v. Borden, Inc.*, 100 N.C. App. 754, 398 S.E.2d 604 (1990), *disc. review denied*, 328 N.C. 270, 400 S.E.2d 450 (1991). When an employee accepts benefits from an agreement for compensation which was approved by the Commission, the employee may attack and have such agreement set aside only for fraud, misrepresentation, undue influence, or mutual mistake. *Tabron v. Gold Leaf Farms, Inc.*, 269 N.C. 393, 152 S.E.2d 533 (1967). Plaintiff contends that defendant's failure to tell him about benefits provided under G.S. § 97-30 is sufficient reason to set aside the award. That argument was rejected in *Brookover*, and we reject it here as well. Plaintiff entered into an agreement, accepted all the benefits from it, and chose not to contest it until almost two years after entering the agreement. Under these circumstances, the Commission was correct in not setting aside the original award and in denying plaintiff additional benefits under G.S. § 97-30.

[3]  Plaintiff finally argues that the Commission erred in concluding that he did not experience a change in condition. Our appellate courts have defined "change of condition" as follows:

Change of condition "refers to conditions different from those existent when the award was made; and a continued incapacity of the same kind and character and for the same injury is not a change of condition . . . the change must be actual, and not a mere change of opinion with respect to a pre-existing condition."

*Sawyer v. Ferebee & Son, Inc.*, 78 N.C. App. 212, 213, 336 S.E.2d 643, 644 (1985). Our role is to determine if the Commission's findings of fact are supported by competent evidence and if the conclusions

are supported by the findings. *Guy v. Burlington Indus.*, 74 N.C. App. 685, 329 S.E.2d 685 (1985). Plaintiff contends that the findings are not supported by competent evidence. We disagree. After reviewing the record, we found ample competent evidence to support the Commission's findings, and we hold that those findings support the conclusion that plaintiff did not experience a change of condition.

The Commission's opinion and award is affirmed.

Affirmed.

Judges WELLS and JOHNSON concur.