MARGIE S. PULLEY, EMPLOYEE, PLAINTIFF v. CITY OF DURHAM, SELF-INSURED EMPLOYER, DEFENDANT

No. COA95-365

(Filed 5 March 1996)

**1. Workers' Compensation § 415 (NCI4th)— Full Commission not required to rehear evidence—findings regarding witnesses' credibility**

There was no merit to defendant's contention that the Industrial Commission erred in overruling the deputy commissioner because the Full Commission did not rehear the evidence, or that the Full Commission erred in overruling the deputy commissioner's opinion because the Full Commission did not make findings of fact regarding the credibility of the doctors' testimony, since the law is clear that the Full Commission does not have to rehear the evidence, and the Commission made findings of fact adequate to show that it found the doctors' testimony to be credible.

**Am Jur 2d, Workers' Compensation §§ 686, 687.**

**2. Workers' Compensation § 390 (NCI4th)— doctors' testimony—opinions not based on speculation**

There was no merit to defendant's contention that the Full Commission erred in relying on the testimony of two doctors because their opinions were based on speculation instead of reasonable medical probability, since one doctor based her opinion on her own observations of plaintiff combined with her study of

materials and her discussions with other professionals, and the other doctor had clinical experience working with police officers like plaintiff and had several areas of expertise including working with women and depression.

**Am Jur 2d, Workers' Compensation §§ 586, 587.**

**Admissibility of opinion evidence as to cause of death, disease, or injury. 66 ALR2d 1082.**

3. **Workers' Compensation § 208 (NCI4th)— psychiatric problems of police officer—award of benefits—sufficiency of evidence**

The evidence was sufficient to support the Industrial Commission's judgment awarding plaintiff temporary total disability compensation benefits based on its determination that claimant suffered from emotional and psychiatric problems caused by her work as a police and public safety officer.

**Am Jur 2d, Workers' Compensation §§ 339, 340.**

**Mental disorders as compensable under workmen's compensation acts. 97 ALR3d 161.**

Appeal by defendant from opinion and award of the North Carolina Industrial Commission filed 18 November 1994. Heard in the Court of Appeals 23 January 1996.

This appeal arises from the Industrial Commission's award of workers' compensation benefits to a claimant based on its determination that the claimant suffered from emotional and psychiatric problems caused by her work as a police and public safety officer.

Margie S. Pulley (hereinafter plaintiff) went to work as a police officer for the City of Durham (hereinafter defendant) in November 1975. In 1984, plaintiff began seeing Dr. Hendey Hostetter, a clinical psychologist, because plaintiff felt bad physically and was having trouble concentrating at work and handling the stresses involved with her job. During the initial visit with Dr. Hostetter, the stressors plaintiff discussed included "having recently filed bankruptcy, having day care problems for her Down's syndrome son, and her husband getting into legal problems and also leaving home periodically." Accordingly, Dr. Hostetter's initial "working hypothesis" was that the primary stressors in plaintiff's life were not job-related, but instead related to plaintiff's husband and child. Dr. Hostetter diagnosed plain-

tiff "as having a major depressive disorder with some psychotic symptoms" and recommended that plaintiff take a three-month medical leave of absence. Plaintiff took three months off from work, but she then had to return to work because she had used all of her leave time. After continuing sessions with plaintiff, Dr. Hostetter changed her "working hypothesis" and concluded that plaintiff's problems were "really longstanding events of post traumatic stress syndrome—the post traumatic stress syndrome arising from multiple traumatic situations that she encountered as a public safety officer over a long period of time."

Plaintiff also sought assistance from other doctors including Dr. Patricia Ziel, a specialist in psychiatry, who saw plaintiff on four separate occasions in March and April 1991 to recommend a course of treatment for plaintiff. Dr. Ziel found that plaintiff's employment as a public safety officer was causally connected to plaintiff's psychological problems.

Plaintiff ended her employment with defendant in April 1989. Thereafter, she filed a claim for workers' compensation benefits for occupational stress allegedly caused by her employment with defendant. After conducting hearings regarding the case, Deputy Commissioner Roger L. Dillard, Jr. found that the testimony of Dr. Hostetter and Dr. Ziel was not credible and that plaintiff's medical records and testimony failed to show that plaintiff's condition resulted from her employment with defendant. Accordingly, the Deputy Commissioner denied plaintiff's claim for workers' compensation benefits. Plaintiff appealed and the Full Commission reversed the Deputy Commissioner's decision. The Full Commission made findings of fact that Dr. Hostetter and Dr. Ziel had testified that plaintiff's employment as a police officer significantly contributed to plaintiff's emotional problems. There was no expert opinion evidence that plaintiff's ailment was not job-related. The Full Commission then concluded that plaintiff "suffer[ed] from emotional and psychiatric disabilities causally connected to the stressors of her employment as a Public Safety Officer."

Defendant appeals from the Full Commission's opinion awarding plaintiff temporary total disability compensation benefits.

*Bryant, Patterson, Covington & Idol, P.A., by David O. Lewis, for plaintiff-appellee.*

*Brooks, Stevens & Pope, P.A., by Robert Simpson Welch, for defendant-appellant.*

PULLEY v. CITY OF DURHAM

[121 N.C. App. 688 (1996)]

EAGLES, Judge.

I.

**[1]** Defendant argues that the Full Commission erred in overruling the deputy commissioner because the Full Commission did not rehear the evidence. When the Full Commission reviews a deputy commissioner's award, the Full Commission may "determine the case from the written transcript of the hearing before the deputy commissioner" and the entire record of the proceedings. *Joyner v. Rocky Mount Mills*, 92 N.C. App. 478, 482, 374 S.E.2d 610, 613 (1988). "Alternatively, the full Commission shall reconsider the evidence, receive further evidence, or rehear the parties or their representatives 'if good ground be shown therefor.'" *Crump v. Independence Nissan*, 112 N.C. App. 587, 589, 436 S.E.2d 589, 592 (1993), *quoting* G.S. 97-85. The Full Commission's determination of the existence of "good ground" will not be disturbed on appeal unless it is shown that the Full Commission manifestly abused its discretion. *Crump*, 112 N.C. App. at 589, 436 S.E.2d at 592.

Here, the Full Commission reconsidered the evidence after determining that "good ground" existed. Defendant has not argued that the Full Commission abused its discretion in deciding to reconsider the evidence. Instead, defendant argues that the Full Commission should have *reheard* the evidence. Defendant cites no law to support its position. In fact, as we stated, *supra*, the law is clear that the Full Commission does not have to rehear the evidence. If the Full Commission finds "good ground," it may also choose to reconsider the evidence or receive further evidence. Accordingly, defendant's argument fails.

Defendant also argues that the Full Commission erred in overruling the deputy commissioner's opinion because the Full Commission did not make findings of fact regarding the credibility of Dr. Hostetter's and Dr. Ziel's testimony. It is well-established that the Full Commission "may adopt, modify, or reject the findings of fact of the Hearing Commissioner, and in doing so may weigh the evidence and make its own determination as to the weight and credibility of the evidence." *Hollar v. Furniture Co.*, 48 N.C. App. 489, 497, 269 S.E.2d 667, 672 (1980). Here, the Full Commission found *inter alia*:

> 20. Hendey Hostetter first testified by way of deposition in this matter on July 23, 1991. At the time of her initial testimony, Hendey Hostetter testified that during the first several years of

her treatment of plaintiff "it was not extremely clear what the cause of the stressors were." Dr. Hostetter testified that plaintiff was disabled and had been so since 1984 as a result of depression and post-traumatic syndrome. When asked the causes of the depression and post-traumatic stress syndrome, Dr. Hostetter testified at extreme length concerning a number of factors, all of which were related to plaintiff's job.

. . . .

22. Dr. Zeil [sic] testified by way of deposition on July 25, 1991. Dr. Zeil [sic] based her testimony upon her sessions with plaintiff and information she had received from Hendey Hostetter in the period shortly before the deposition. Dr. Zeil [sic] felt plaintiff's employment as a public safety officer for the city of Durham significantly contributed to her development of depression. Dr. Zeil [sic] further testified there is a recognizable link between the nature of police work and increased risk of contracting depression. Dr. Zeil [sic] felt plaintiff's work was causally connected to plaintiff's depression.

23. Plaintiff's depression was causally connected to the stressors of her work.

We conclude that these findings of fact adequately show that the Full Commission found Dr. Hostetter's and Dr. Ziel's testimony credible.

[2]    Nevertheless, defendant also argues that the Full Commission erred in relying on Dr. Hostetter's and Dr. Ziel's testimony because their opinions were based on speculation instead of reasonable medical probability. Defendant argues that Dr. Hostetter's opinion was mere speculation because Dr. Hostetter relied in part on articles in magazines to form her opinion. Defendant also argues that Dr. Hostetter's opinion was nothing more than speculation because Dr. Hostetter had no "specialized training in dealing with police officers." "An expert witness may base his opinion upon facts within his own knowledge or upon information supplied to him by others; however, an expert is not competent to testify as to the issue of causal relation founded upon mere speculation or possibility." *Ballenger v. Burris Industries*, 66 N.C. App. 556, 567, 311 S.E.2d 881, 887, *disc. review denied*, 310 N.C. 743, 315 S.E.2d 700 (1984). Here, there was competent evidence in the record to show that Dr. Hostetter based her opinion on her own observations of plaintiff, combined with her study of materials and her discussions with other professionals. Although Dr.

Hostetter had no "specialized training in dealing with police officers," there was competent evidence that Dr. Hostetter had extensive experience working with women who suffer from post-traumatic stress and depression. After carefully reviewing the record, we conclude that Dr. Hostetter's opinion was competent because it was based on "reasonable scientific certainty," *see Ballenger*, 66 N.C. App. at 567, 311 S.E.2d at 887, rather than mere speculation. We also conclude that Dr. Ziel's testimony was based on "reasonable scientific certainty." Dr. Ziel stated that she had clinical experience working with police officers and that she had several areas of expertise, including working with "a lot of women, a lot of depression." Accordingly, defendant's argument fails.

## II.

[3] Defendant also argues that the Full Commission's findings of fact and conclusions of law fail to support its judgment awarding plaintiff temporary total disability compensation benefits. To be compensable as an occupational disease pursuant to G.S. 97-53(13), the disease

> must be (1) characteristic of persons engaged in the particular trade or occupation in which the claimant is engaged; (2) not an ordinary disease of life to which the public generally is equally exposed with those engaged in that particular trade or occupation; and (3) there must be "a causal connection between the disease and the [claimant's] employment."

*Rutledge v. Tultex Corp.*, 308 N.C. 85, 93, 301 S.E.2d 359, 365 (1983) (quoting *Hansel v. Sherman Textiles*, 304 N.C. 44, 52, 283 S.E.2d 101, 106 (1981)). "[T]he first two elements are satisfied if, as a matter of fact, the employment exposed the worker to a greater risk of contracting the disease than the public generally." *Rutledge*, 308 N.C. at 93-94, 301 S.E.2d at 365. The third element is satisfied "if the employment 'significantly contributed to, or was a significant causal factor in, the disease's development.' " *Harvey v. Raleigh Police Dept.*, 85 N.C. App. 540, 544, 355 S.E.2d 147, 150 (quoting *Rutledge*, 308 N.C. at 101, 301 S.E.2d at 369-70), *disc. review denied*, 320 N.C. 631, 360 S.E.2d 86 (1987).

On appeal, the Full Commission's findings of fact are conclusive if supported by competent evidence, even if there is evidence that would support contrary findings. *Pollard v. Krispy Waffle*, 63 N.C. App. 354, 355-56, 304 S.E.2d 762, 763 (1983). The Full Commission's

conclusions of law are fully reviewable on appeal. *Id.* Here, the Full Commission found that:

> Throughout [plaintiff's] employment as a Police Officer and Public Safety Officer with defendant-employer, plaintiff was involved in dealing with situations in which people were the victims of or had committed criminal acts. Plaintiff was also involved in dealing with situations involving motor vehicles, including instances of personal injury or death. During her period as an officer with the Youth Division, she was involved in dealing with minors who were either committing criminal acts or against whom criminal acts had been committed.

The Full Commission also made a finding of fact that "Dr. Zeil [sic] . . . testified there is a recognizable link between the nature of police work and increased risk of contracting depression." There is competent evidence in the record to support these findings of fact. Accordingly, plaintiff presented sufficient evidence to satisfy the first two elements for finding the existence of an occupational disease.

The Full Commission found that "[w]hen asked the causes of the depression and post-traumatic stress syndrome, Dr. Hostetter testified at extreme length concerning a number of factors, all of which were related to plaintiff's job." The Full Commission also found that "Dr. Zeil [sic] felt plaintiff's employment as a public safety officer for the city of Durham significantly contributed to her development of depression. . . . Dr. Zeil [sic] felt plaintiff's work was causally connected to plaintiff's depression." There is sufficient competent evidence in the record to support these findings of fact by the Full Commission and to satisfy the third element for establishing the existence of an occupational disease. Accordingly, we conclude that the Full Commission did not err in awarding plaintiff workers' compensation benefits.

Affirmed.

Judges MARTIN, John C., and MARTIN, Mark D., concur.