My vote is to reverse.
The testimony of Dr. Ellis, Dr. Hoogerman, and Dr. Payton taken as a whole, together with plaintiff's record of service with the Fire Department, establish that plaintiff was a successful fireman for more than twenty five (25) years with the Asheville Fire Department; that he sought assistance for emotional problems in 1986; that in 1995 he began to receive treatment for psychological problems which included depression and post traumatic stress disorder at the VA Medical Center which was related to his experience in Vietnam, family problems, and stress associated with his work as a fireman; that this treatment program continued until January 6, 1998; that no return appointment was scheduled for him by his Doctor at the VA after the aforementioned appointment; that he had no difficulties in performing his duties as a firefighter during his treatment program; that he had missed no time from work during this period of treatment; that he had received regular wage increases during this time of treatment; and that he had no disciplinary complaints during this time of treatment as a result of performing his duties as a fireman.
On May 14, 1998 he received notice of the results of the drivers test given by the Fire Department and he was informed that his work duties would change despite twenty years of service as a successful driver at the Fire Department. As a direct result of that event his mental condition became much more severe to the point where he was excused from work. When he attempted to return to work and was working on light duty he was subjected to a cruel comment by the Chief which served to further worsen and complicate his mental state. He, thereafter, according to the testimony of three experts became a danger to himself and his fellow workers at the Fire Department resulting in his being removed from duty with the Fire Department and placed on disability status.
The aforementioned facts are clearly established by the record in this case, but the Opinion and Award bears no reasonable relationship to the aforementioned circumstances, and the facts set forth in the Opinion and Award are not supported by the evidence of record.
The record does not support several of the majority's findings of fact. Based upon the facts, plaintiff has proven a compensable claim.
Dr. Ellis testified that his consultation with plaintiff, like the consultation plaintiff had with Dr. Purvis on May 15, 1998, had to do with the event at the Fire Department involving the test for driver and the results of that test as they applied to the plaintiff and his career. Furthermore, Dr. Ellis testified specifically that in his opinionthose circumstances at work had precipitated the psychological crisis forwhich he saw plaintiff. He testified specifically that plaintiff's pre-existing mental problems had been made worse by this event. He also testified that plaintiff's experiences as a firefighter including his service as an emergency technician would have exposed him to a greater risk of developing post traumatic stress disorder than other members of the general public.
Dr. Payton testified that in his opinion the circumstances surroundingthe drivers test and involving the Chief had exacerbated and aggravatedplaintiff's psychological condition to the extent that he could not returnto work as a firefighter and was, thus, disabled from performing the duties of a firefighter. Dr. Payton completed the disability application which resulted in plaintiff qualifying for disability benefits due to the potential for post traumatic stress disorder reaction with mood swings which would push plaintiff into a paranoid position with little control of his anger.
The Court of Appeals and the Full Commission have previously recognized that an employee who becomes unable to perform his work duties as a result of an emotional condition by perceived stimulus or stimuli is entitled to Workers' Compensation benefits — Pulley v. City ofDurham, 121 N.C. App. 688, 468 S.E.2d 506 (1996,); Cross v. BlueCross/Blue Shield, 104 N. C'. App. 284, 409 S.E.2d 103 (1991); Harvey v.Raleigh Police Department, 85 N.C. App. 540, 355 S.E.2d 147, reviewdenied, 320 N.C. 631, 360 S.E.2d 86 (1987), appeal after remand,96 N.C. App. 28, 384 S.E.2d 549, review denied, 325 N.C. 706,388 S.E.2d 454 (1989); Simmons i'. N C. Dept. of Transportation, I.C. No. 748662 (1988); Schmidt v. University of North Carolina at Charlotte,
I.C. No. 910359 (1994).
The fact that a mentally troubled employee may have stressors in his or her life unassociated with employment is not a bar to recovery of Workers' Compensation benefits if there is competent evidence that the mental problems are causally connected to work and there is a recognizable link between the nature of the work and an increased risk of contracting the mental condition. Pulley, supra. In Pulley, the employee was a police officer who was initially suffering with stressors of having filed bankruptcy, having day care problems for her Downs' Syndrome son, and her husband getting into legal problems and leaving home periodically. She was receiving treatment for these stress related problems. Plaintiff was also subjected to stress as a result of her duties as a police officer and her condition worsened to the point where she could no longer work. The Full Commission reversed the decision of the Deputy Commissioner and found that plaintiff's employment as a police officer significantly contributed to plaintiff's emotional problems and that there was no expert opinion evidence that plaintiff's ailment was not job related. The Court of Appeals affirmed the decision of the Full Commission. In so doing the Court found that the first two elements of G.S. § 97-53 (13) were satisfied if, as a matter of fact, the employment exposed the employee to a greater risk of contracting the disease than the public generally and that the third element is satisfied "if the employment `significantly contributed to or was a significant causal factor in the disease development'." Pulley, p. 510. The evidence in this case establishes that the stress experienced by plaintiff in his employment situation with the Chief resulted in a significant worsening, aggravation, and development of his pre-existing condition to the extent that he was unable to continue to work as a fireman.
The existence of a pre-existing condition is not a bar to compensation benefits if that condition was not disabling and had not affected the employee's earning capacity prior to the event or events which worsened or exacerbated the pre-existing condition to the point where it became disabling. Kendrick v. City of Greensboro, 80 N.C. App. 183, 341 S.E.2d 122
(1986); Vause v. Equipment Co., 233 N.C. 88, 63 S.E.2d 173 (1951); see also Rutledge v. Tultex Corp., 398 N.C. 85, 102-05, 301 S.E.2d 359,370-71 (1983) (reaffirming Vause). The Court of Appeals has stated that
 "When an industrial injury precipitates disability from a latent prior condition, such as heart disease, cancer, back weakness and the like, the entire disability is compensable."
Therefore if the employee's work-related injury or disease contributed in "some reasonable degree" to his disability he is entitled to compensation. Vause. supra. In this case, plaintiff had not experienced disability from his employment as a result of his mental condition until he experienced the problems at work with the driver's test and, later, with the Chiefs comment. The evidence in this case is more than sufficient to establish that these two events together with the general stressors associated with his duties as a fireman resulted in a disabling condition which had not, theretofore, existed.
The Full Commission has recognized that a mental impairment may be compensable if it results from a single incident. Simmons v. N C. Dept.of Transportation, I.C. No. 748662 (1988). Schmidt v. University of NorthCarolina at Charlotte, IC. No. 910359 (1994). Likewise, various courts have determined that one may suffer injury by accident if it results in unusual or excessive strain or from performing duties at work of an entirely different character from that which is customarily performed by the injured employee. Thus, awards have been made under the following circumstances: heavy and unusual litigation by an attorney; long hours and unusual excitement by a social club worker; job pressures of an insurance commissioner; a judge handling a heavy back log of cases; and the emotional impact of an employee dealing with alleged malfeasances.A. Larson, Workmen's Compensation Law, § 38-65(`b,), pp. 7-240-242 (1991). In this case the test that was given by the employer was expected. However, the performance of the test was not a usual or customary activity associated with the fire fighting duties of the plaintiff. Furthermore, the result of the test as it related to plaintiff was unexpected in that it produced a significant worsening of his mental condition. It is respectfully submitted that the event of the test together with the comment of the Chief were of a nature to qualify them as accidental occurrences resulting in plaintiff's disabling condition. The Court of Appeals has held that where an employee was injured as a result of duties that were not routine or customary to his employment then he was injured by accident and the injury is compensable. Sandersonv. Northeast Constr. Co., 77 N.C. App. 117, 334 S.E.2d 392 (1985). Unusual exertion and stress have been recognized as resulting in accidental injury. Wall v. North Hills Properties, Inc., 125 N.C. App. 357,481 S.E.2d 303 (1997) cert. denied, 346 N.C. 289, 487 S.E.2d 673 (1997). The aforementioned principles support a conclusion that plaintiff is entitled to compensation benefits because of appropriate evidence and the applicable law.
This 27th day of August 2002.
 S/_____________ THOMAS J. BOLCH COMMISSIONER