HUNTER, Robert C., Judge,
concurring in part and dissenting in part.
I concur with the majority’s well-reasoned conclusions as to the legal standard used by the Full Commission and the finding that one of plaintiff’s doctors was an authorized treating physician. However, because I *142 believe the Full Commission was required to address defendant’s motion to dismiss and the Deputy Commissioner’s dismissal of plaintiff’s claim pursuant to Workers’ Compensation Rule 613 in its opinion and award, I respectfully dissent and conclude that this matter should be remanded for further proceedings.
Background
Carl H. Poole (“plaintiff’) suffered a compensable work-related injury on 23 April 1992. His employer, the University of North Carolina at Chapel Hill (“UNC”), filed a Form 21, “Agreement for Compensation for Disability,” and provided plaintiff with medical care and vocational rehabilitative services. Plaintiff’s benefits were suspended on 10 July 1998 for failure to cooperate with the vocational rehabilitation services that defendant provided. Compensation was to be suspended “until plaintiff makes a proper showing that he is willing to comply with reasonable rehabilitation efforts.”
On 15 May 2007, plaintiff filed a Form 33, “Request for Hearing,” in which he requested compensation be reinstated and alleged a “change in condition.” On 7 May 2007, defendant filed a motion to dismiss, alleging that plaintiff’s claim was barred by laches and the statute of limitations. The parties were heard on defendant’s motion to dismiss by Deputy Commissioner Kim Ledford (“Deputy Commissioner Ledford”) on 8 May 2008. In Deputy Commissioner Ledford’s opinion and award, the issues for determination were stated as follows:
1. Whether Plaintiff’s claim is barred by the Statute of Limitations, either pursuant to N.C. Gen. Stat. § 97-47 or other statute?
2. Whether Plaintiff’s claim otherwise should be dismissed due to his failure to prosecute this claim in a timely manner per the Rules of the Industrial Commission?
3. Whether Plaintiff’s claim for additional medical treatment is otherwise barred?
After hearing testimony from the parties and receiving evidence, Deputy Commissioner Ledford entered the following relevant findings of fact in her opinion and award:
20. Following the suspension of benefits and the last payment of indemnity compensation in July 1998, Plaintiff did not seek reinstatement of indemnity compensation until the filing of his Form 33 in May 2007, almost nine *143 years after the entry of the Order of Special Deputy Commissioner Gillen.
21. Plaintiff has shown no reason for his failure to appeal in a timely manner the Order of Special Deputy Commissioner Gillen, which suspended Plaintiff’s ongoing total disability benefits. Plaintiff has otherwise shown no reason for his failure to seek reinstatement of indemnity compensation for almost nine years, an unreasonable delay. Due to this unreasonable delay, Plaintiff has essentially abandoned and failed to prosecute his claim.
22. This unreasonable delay has hindered the Defendant’s ability to investigate the matter. The delay has prevented Defendant from providing services otherwise intended to lessen Plaintiff’s period of disability.
23. During the passage of the nine years since the suspension of his benefits, Plaintiff’s physical condition has changed due primarily to health issues unrelated to his compensable injury, including his heart disease and kidney disease, which are now his primary limiting health conditions.
24. The Defendant has been prejudiced by Plaintiff’s failure to pursue this matter in a timely manner. Based upon - Plaintiff’s unreasonable delay, and the resulting prejudice to Defendant, sanctions short of dismissal of the claim wifi not suffice.
Pursuant to these findings, Deputy Commissioner Ledford entered the following conclusions of law:
8. Pursuant to Rule 613 of the North Carolina Industrial Commission Workers’ Compensation Rules, “Upon proper notice and an opportunity to be heard, any claim may be dismissed with or without prejudice by the Industrial Commission on its own motion or by motion of any party for failure to prosecute or to comply with these Rules or any Order of the Commission.” Prior to dismissing a claim pursuant to this Rule, the Commission must find: (1) that Plaintiff acted in a manner which deliberately or unreasonably delayed the matter, (2) that Defendant was prejudiced by the Plaintiff’s delay or failure to prosecute, and (3) that sanctions short of dismissal would not suffice. *144 Lee v. Roses Stores, Inc., 162 N.C. App. 129, 131, 590 S.E.2d 404, 406 (2004).
9. In this case, Plaintiff has been given proper notice and opportunity to be heard on the issue of dismissal of his case. The greater weight of credible evidence shows that Plaintiff failed to prosecute his claim within a reasonable period of time. Where Plaintiff waited nine years to pursue his claim for additional benefits, Defendant has been prejudiced, and nothing short of dismissal would be fair and just.
Thus, Deputy Commissioner Ledford dismissed plaintiff’s claim with prejudice on 17 November 2010. Plaintiff appealed this ruling to the Full Commission.
By order of the Full Commission on 18 January 2012, the case was reopened and remanded for a new evidentiary hearing. The Full Commission found “old” files related to the case in the Industrial Commission file room, including “correspondence from the parties, Industrial Commission Orders, various forms filed by the parties, form agreements, [and] medical records submitted primarily as attachments to various motions dating from 1992 to 2007.” Because Deputy Commissioner Ledford did not have access to these files when she entered her opinion and award, the Full Commission remanded the matter for a new Deputy Commissioner to gather this evidence, order a transcript of the proceedings, and forward the transcript and evidence to the Full Commission for review and a determination.
Deputy Commissioner James C. Gillen (“Deputy Commissioner Gillen”) presided over the new evidentiary hearing. On 13 February 2013, he entered an order transferring the requested materials to the Full Commission but did not issue an opinion and award on the substance of the parties’ claims. After receiving the evidence and transcript from Deputy Commissioner Gillen, the Full Commission entered its opinion and award on 27 August 2013, from which defendant appeals. In its opinion and award, the Full Commission stated that it “reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Ledford and Deputy Commissioner Gillen and the briefs, supplemental briefs and arguments of the parties before the Full Commission.” However, the Full Commission’s opinion and award contained no findings of fact or conclusions of law relating to the substance of Deputy Commissioner Ledford’s dismissal of plaintiff’s claim pursuant to Rule 613, the almost nine-year delay in the proceedings, or *145 the potential prejudice to defendant that may have resulted from the delay. Rather, the Full Commission examined the new evidence introduced before the Deputy Commissioner and concluded that plaintiff had carried his burden of demonstrating his willingness to cooperate with vocational rehabilitation. Thus, it ordered that plaintiff was entitled to temporary total disability benefits beginning 8 May 2008 and continuing until further order of the Commission. Defendant timely appealed from the Full Commission’s opinion and award.
Discussion
On appeal, defendant argues that the Full Commission erred by failing to dismiss plaintiff’s claim pursuant to Rule 613. Because the Full Commission failed to address this contention in its opinion and award, I believe that the matter should be rémanded for entry of findings of fact and conclusions of law on this issue.
The Industrial Commission has exclusive original jurisdiction over workers’ compensation proceedings. Thomason v. Red Bird Cab Co., 235 N.C. 602, 604, 70 S.E.2d 706, 708 (1952). It is required to hear the evidence and file its award, “together with a statement of the findings of fact, rulings of law, and other matters pertinent to the questions at issue[.]” N.C. Gen. Stat. § 97-84 (2013). “The reviewing court’s inquiry is limited to two issues: whether the Commission’s findings of fact are supported by competent evidence and whether the Commission’s conclusions of law are justified by its findings of fact.” Hendrix v. Linn-Corriher Corp., 317 N.C. 179, 186, 345 S.E.2d 374, 379 (1986). The Commission’s findings of fact are conclusive on appeal when supported by competent evidence even though evidence exists that would support a contrary finding. Hilliard v. Apex Cabinet Co., 305 N.C. 593, 595, 290 S.E.2d 682, 684 (1982).
“[W]hen the transcript and record before the full Commission is insufficient to resolve all the issues, the full Commission must conduct its own hearing or remand the matter for further hearing.” Crump v. Independence Nissan, 112 N.C. App. 587, 589, 436 S.E.2d 589, 592 (1993) (quotation marks omitted). However, “[although the decision to take additional evidence is one within its sound discretion, the full Commission has the duty and responsibility to decide all matters in controversy between theparties[.]” Id. (emphasis added); see also Payne v. Charlotte Heating & Air Conditioning, 172 N.C. App. 496, 501, 616 S.E.2d 356, 360 (2005) (“It is well established that the full Commission has the duty and responsibility to decide all matters in controversy between the parties, and, if necessary, the full Commission must resolve *146 matters in controversy even if those matters were not addressed by the deputy commissioner.” (citation and internal quotation marks omitted)).
Here, after hearing the parties on defendant’s motion to dismiss, Deputy Commissioner Ledford dismissed plaintiff’s claim with prejudice pursuant to Workers’ Compensation Rule 613, which provides that “[u]pon proper notice and an opportunity to be heard, any claim may be dismissed with or without prejudice by the Industrial Commission on its own motion or by motion of any party for failure to prosecute or to comply with these Rules or any Order of the Commission.” 4 N.C.A.C. 10A.0613(a)(3) (2013) (emphasis added). This Court has ruled that the Commission must make the following relevant findings before dismissing a case pursuant to Rule 613:
(1) whether the plaintiff acted in a manner which deliberately or unreasonably delayed the matter; (2) the amount of prejudice, if any, to the defendant [caused by the plaintiff’s failure to prosecute]; and (3) the reason, if one exists, that sanctions short of dismissal would not suffice.
Lee v. Roses, 162 N.C. App. 129, 132-33, 590 S.E.2d 404, 407 (2004) (quoting Wilder v. Wilder, 146 N.C. App. 574, 578, 553 S.E.2d 425, 428 (2001)).
Deputy Commissioner Ledford found as fact that: (1) “[pjlaintiff has otherwise shown no reason for his failure to seek reinstatement of indemnity compensation for almost nine years, an unreasonable delay”; (2) “[t]his unreasonable delay has hindered the Defendant’s ability to investigate the matter[;] [t]he delay has prevented Defendant from providing services otherwise intended to lessen Plaintiff’s period of disability”; and (3) “[b]ased upon Plaintiff’s unreasonable delay, and the resulting prejudice to Defendant, sanctions short of dismissal of the claim will not suffice.” Thus, Deputy Commissioner Ledford entered all of the findings of fact required by the Lee Court before dismissing plaintiff’s claim with prejudice pursuant to Rule 613.
However, the Full Commission’s opinion and award is devoid of any factual findings or legal conclusions disposing of these arguments. Although the Full Commission stated that it “reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Ledford[,]” the Full Commission failed to address the basis of Deputy Commissioner Ledford’s ruling in her prior opinion and award—dismissal under Rule 613. The Full Commission also entered no findings or conclusions as to the delay in the proceedings, the potential prejudice to defendant that may have resulted from the delay, or the reasons for the delay—all of which were included in Deputy Commissioner *147 Ledford’s findings of fact in support of her ruling. As is made clear by the list of issues for determination in Deputy Commissioner Ledford’s opinion and award, these contentions were raised by defendant in its motion to dismiss and were “in controversy” throughout these proceedings. Payne, 172 N.C. App. at 501, 616 S.E.2d at 360. Thus, because the Full Commission “has the duty and responsibility to decide all matters in controversy between the parties,” id., and because it failed to address the legal contentions that formed the basis of Deputy Commissioner Ledford’s opinion and award, I would remand this matter back to the Full Commission for entry of appropriate findings and conclusions determining that issue.
Conclusion
Because the Full Commission failed to enter findings of fact or conclusions of law regarding defendant’s motion to dismiss or Deputy Commissioner Ledford’s previous dismissal of plaintiff’s claim pursuant to Workers’ Compensation Rule 613, I respectfully dissent from the majority’s holding that the Full Commission’s opinion and award adequately resolved all matters in controversy between the parties. Accordingly, I would remand this matter to the Full Commission.