JAMES S. GORDON, EMPLOYEE, PLAINTIFF v. CITY OF DURHAM, EMPLOYER, SELF-INSURED, DEFENDANT

No. COA02-181

(Filed 5 November 2002)

**1. Workers' Compensation— causal connection between accident and injury—sufficiency of evidence**

There was sufficient evidence in a workers' compensation case to support the Industrial Commission's finding of a causal connection between the visual disturbances suffered by a firefighter and the explosion of an electrical panel during a fire where two doctors testified that the visual disturbances were caused by the incident and one of those doctors fully described the physiological changes in plaintiff's brain that trigger the visual disturbances.

**2. Workers' Compensation— employment—no constructive refusal**

The Industrial Commission did not err by concluding that plaintiff did not constructively refuse employment where plaintiff was given the choice of resignation, medical disability retirement, or termination due to being medically disqualified for the work; plaintiff testified that he had not previously requested medical retirement and would have remained with his employer if he had been offered suitable employment; and the employer produced no evidence that it had offered suitable employment or attempted to find plaintiff suitable employment in another field.

**3. Workers' Compensation— employer's credit—plaintiff's limited wages after injury**

The Industrial Commission did not err in a workers' compensation action by awarding plaintiff-firefighter benefits while allowing his former employer a credit for the limited wages plaintiff was able to earn after the injury as an electrical contractor.

Appeal by employer from Opinion and Award of the Industrial Commission filed 16 October 2001. Heard in the Court of Appeals 14 October 2002.

*Clayton, Myrick, McClanahan & Coulter, PLLC, by Robert D. McClanahan, for plaintiff-appellee.*

*Lewis & Roberts, P.L.L.C., by Brian D. Lake and Jeffrey A. Misenheimer, for defendants-appellees.*

TYSON, Judge.

The City of Durham ("employer") appeals from the North Carolina Industrial Commission's ("Commission") opinion and award which reversed the opinion of the Deputy Commissioner and granted James Scott Gordon ("plaintiff") workers' compensation benefits. We affirm.

## I. Facts

Plaintiff was employed as a firefighter for employer in August of 1997, working as a driver for Engine Company 10. Plaintiff also was self-employed since 1986 as an electrical contractor. On 27 August 1997 at approximately 11:00 p.m., plaintiff responded to the scene of a fire off of Garrett Road in Durham. While plaintiff was fighting the

fire, an electrical panel began to smoke and subsequently exploded. Plaintiff was standing directly in front of the electrical panel when the explosion occurred. Plaintiff was not struck by debris or shrapnel from the explosion. The intensity of the flash from the explosion temporarily blinded plaintiff. Plaintiff's eyes subsequently readjusted and he was able to finish his shift. However, he had trouble focusing his eyes once he returned to the fire station later that day. Plaintiff left for vacation with his family the following day and his vision appeared normal. While he was driving, visual difficulties reoccurred. Plaintiff's visual problems continued upon returning from vacation that included difficulty seeing straight ahead. Initially, these incidents occurred every two to three days. Later, the incidents would occur every three to six weeks and would last for periods of 15 to 45 minutes.

Plaintiff sought medical care with his family physician, Dr. Curtis T. Eshelman. Dr. Eshelman diagnosed plaintiff with light trauma and blurred vision. Dr. Eshelman had no explanation for why plaintiff continued to have visual problems and referred plaintiff to Dr. Stuart McCracken, a licensed and board-certified ophthalmologist. Dr. McCracken examined plaintiff on 17 September 1997 and determined that plaintiff had experienced ophthalmic migraines. In Dr. McCracken's opinion, the 27 August 1997 accident was coincidental with and not the causative factor of plaintiff's visual problems. Plaintiff was referred to Dr. Michael L. Soo, a neurologist. On 13 October 1997, Dr. Soo examined and diagnosed plaintiff with repeated episodes of ophthalmic migraines following exposure to flash explosion. It was Dr. Soo's opinion that "it is more likely than not" that the 27 August 1997 accident was the cause of plaintiff's continued visual problems. Dr. Soo, with Dr. Eshelman's consent, referred plaintiff to Dr. Stephen Pollock, a neuro-ophthalmologist. Dr. Pollock examined plaintiff on 26 May 1998 and found no evidence of an ongoing eye disease. Dr. Pollock did, however, diagnose plaintiff with a form of acepholgic migraines. Dr. Pollock opined there was a temporal relationship between the onset of the plaintiff's symptoms and the bright flash of light that occurred on 27 August 1997. On 21 January 1999, plaintiff was examined by Dr. Barid S. Grimson, a neuro-ophthalmologist. In Dr. Grimson's opinion, there was a causal relationship between the 27 August 1997 explosion and plaintiff's visual problems and migraines.

On 18 August 1998, employer's physician, Dr. Stuart Manning, determined that plaintiff was medically disqualified for the position

GORDON v. CITY OF DURHAM

[153 N.C. App. 782 (2002)]

of firefighter. Plaintiff continued his self employment as an electrical contractor after being deemed medically disabled by the employer. On 7 October 1998, Fire Chief Otis Cooper, Jr. informed plaintiff that Employee Health Services had indicated that plaintiff was not medically able to perform the essential job functions of his position. Plaintiff was then given three options by employer: resignation, medical disability retirement, or termination due to his inability to perform his job. On 1 September 1998, plaintiff medically retired from the fire department. Since being placed on medical disability by employer, plaintiff has continued to work as much as possible within his medical limits as an electrical contractor.

On 11 October 2000, the Deputy Commissioner denied plaintiff's claim for workers' compensation. On 24 August 2000, plaintiff filed a notice of appeal to the Commission. On 16 October 2001, the Commission reversed the Deputy Commissioner's Opinion and Award and determined that the plaintiff was entitled to ongoing temporary total disability benefits due to the injury sustained on 27 August 1997. The Commission found in part:

16. Plaintiff's recurrent visual problems and headaches are a direct and natural result of, and causally related to his 27 August 1997 injury by accident.

17. As the result of his 27 August 1997 injury by accident, plaintiff has been unable to earn wages in his former position with defendant or in any other employment, except for the limited wages earned as an electrical contractor, for the period of 7 October 1998 through the present and continuing.

The Commission concluded in part:

1. On 27 August 1997, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant. G.S. § 97-2(6). Plaintiff's recurrent visual problems and headaches are a direct and natural result of, and casually related to his 27 August 1997 injury by accident. Id.

2. As a result of his 27 August 1997 injury by accident, plaintiff is entitled to be paid by defendant ongoing total disability compensation at the rate of $512.00 per week for the period of 7 October 1998 through the present and continuing until such time as plaintiff returns to work earning his former wage level or until further order of the Commission. G.S. § 97-29.

3. Defendant is entitled to a credit for the limited wages plaintiff has earned as an electrical contractor since the injury. G.S. § 97-42.

4. As the result of his 27 August 1997 injury by accident, plaintiff is entitled to have defendant pay for all related medical expenses incurred or to be incurred. G.S. § 97-25; G.S. § 97-25.1

Employer appeals.

## II. Issues

Employer asserts that the Commission erred in: (1) concluding that plaintiff's alleged visual problems are causally related to the incident of 27 August 1997; (2) failing to find that the plaintiff has constructively refused suitable employment; and (3) failing to find that the plaintiff has retained wage earning capacity.

## III. Standard of Review

Our review of an opinion and award of the Commission is limited to two questions: (1) whether any competent evidence supports the Commission's findings of facts; and (2) whether the Commission's findings of facts support its conclusions of law. *Saums v. Raleigh Community Hospital*, 346 N.C. 760, 765, 487 S.E.2d 746, 750-51 (1997). The Commission's findings are binding on appeal if supported by any competent evidence, even though other competent evidence may support a contrary finding. *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998). It is the Commission's duty to judge the credibility of the witnesses and to determine the weight given to each testimony. *Bailey v. Sears Roebuck & Co.*, 131 N.C. App. 649, 653, 508 S.E.2d 831, 834 (1998). The parties stipulated that plaintiff suffered an injury by accident arising out of and in the course and scope of his employment on 27 August 1997.

## IV. Causal Connection

[1] Employer contends there is insufficient evidence to support the Commission's finding of a causal connection between the injury plaintiff suffered and the 27 August 1997 incident. We disagree.

Dr. Soo and Dr. Grimson opined that the visual disturbances suffered by the plaintiff were caused by the 27 August 1997 incident. Dr. Soo determined that a causal relationship existed and fully described the actual physiological changes in the brain of the plaintiff that trigger the visual disturbances. There was competent evi-

dence in the record to support the Commission's finding of a causal connection between visual problems and the incident that occurred on 27 August 1997.

## V. Constructive Refusal of Suitable Employment

[2] Employer's contend that plaintiff constructively refused employment when he instructed the City not to look for any other employment within his restrictions in violation of N.C. Gen. Stat. § 97-32 (2001). We disagree.

If an injured employee refuses employment procured for him that is suitable to his capacity, he shall not be entitled to any compensation while the refusal continues. N.C. Gen. Stat. § 97-32. The burden is on the employer to show that plaintiff refused suitable employment.

The Commission found plaintiff unable to earn wages in his former position with employer or any other employment as a result of the 27 August 1997 accident, except for the limited wages earned as an electrical contractor. Plaintiff was given light duty after being medically disqualified from working as a firefighter. This light duty was temporary and ended on 1 September 1998. The Commission found that on 7 October 1998, plaintiff was given three choices: (1) resignation; (2) medical disability retirement; or (3) termination due to being medically disqualified to perform his job. Plaintiff testified that he never requested medical retirement until he was presented with these choices. He also testified that he would have remained with employer if he had been offered suitable employment. Employer produced no evidence that showed employer offered plaintiff suitable employment or attempted to find plaintiff suitable employment in another field. The Commission did not err by concluding that plaintiff did not constructively refuse suitable employment.

## V. Wage Earning Capacity

[3] Employer contends that "plaintiff has lost no earning capacity as a result of the incident of August 27, 1997." The Commission found and the plaintiff admits that plaintiff has some wage earning capacity through his electrical contracting work. The Commission found that plaintiff has been unable to earn wages since the incident and continuing "except for the limited wages earned as an electrical contractor." It further found that there was insufficient evidence to find plaintiff's wages as an electrical contractor except for finding that the wages were "limited." The Commission awarded plaintiff temporary

total benefits but stated that "defendant is entitled to a credit for the limited wages plaintiff has earned as an electrical contractor since the injury." The Commission did not err by awarding plaintiff benefits while also allowing employer credit for wages plaintiff earned. This assignment of error is overruled.

### V. Conclusion

After reviewing the record and employer's assignments of error, we find competent evidence in the record to support the findings of the Commission which in turn support its conclusions of law.

Affirmed.

Chief Judge EAGLES and Judge THOMAS concur.