***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence modifies and affirms the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. Associates Indemnity, a subsidiary of Fireman's Fund Insurance Company, is the carrier on the risk, with the Goff Group as the third-party administrator.
3. An employer-employee relationship existed between the parties at all relevant times.
4. The plaintiff sustained an admittedly compensable injury on 16 October 2000 as a result of which the defendant filed a Form 60.
5. The plaintiff was paid temporary total disability benefits from 17 October 2000 through 1 March 2002.
6. The following exhibits were admitted into evidence:
a. Stipulated Exhibit 1: Indexed set of exhibits containing the Pre-Trial Agreement, Medical Records, Industrial Commission Forms, Plaintiff's Discovery Responses, and Plaintiff's Fee Agreement.
b. Plaintiff's Exhibit 2: Medical Bill plaintiff alleges is unpaid.
c. Plaintiff's Exhibit 3: Medical Bill plaintiff alleges is unpaid.
d. Plaintiff's Exhibit 4: Timesheet for week ending 8 July 2001.
e. Plaintiff's Exhibit 5: Timesheet for week ending 15 July 2001.
f. Plaintiff's Exhibit 6: Timesheet for week ending 29 July 2001.
g. Plaintiff's Exhibit 7: Timesheet for week ending 5 August 2001.
h. Plaintiff's Exhibit 8: Letter from Department of Health and Human Services.
i. Plaintiff's Exhibit 9: Employee Medical Care Form.
 ***********
Based on the foregoing stipulations and the evidence the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was thirty-eight years old. She was employed by Diversified Personnel Services, a temporary employment agency as a certified nursing assistant. At the time of her admittedly compensable injury, plaintiff had been working for defendant-employer for approximately four months and had an average weekly wage of $400.00, which yields a compensation rate of $266.80.
2. On 15 October 2000, plaintiff suffered an admittedly compensable injury to her back while moving a patient in a nursing home. Plaintiff went out of work and defendants began paying temporary total disability compensation to plaintiff.
3. On 18 May 2001, Dr. Stephen M. David released plaintiff to return to work with the following restrictions: no lifting, pushing or pulling of more than 25 pounds. Plaintiff was assigned a 0% impairment rating.
4. Defendant-employer offered plaintiff work within her restrictions as a private duty sitter for chronically ill or dying patients. This assignment required no lifting and allowed plaintiff to move around as needed. The position paid more than other assignments and only required that someone with a nurses' aide certificate, such as plaintiff, stay in the room with the chronically ill or dying patient.
5. Plaintiff actually returned to work on 4 July 2001 as a private duty sitter. Plaintiff sporadically accepted work assignments between 4 July 2001 and 3 August 2001. However, on various occasions, plaintiff either did not return defendant-employer's phone messages offering assignments or accepted assignments and then cancelled at the last minute. The last assignment accepted by plaintiff was 3 August 2001. Following that date, defendant-employer continued to offer plaintiff assignments, but plaintiff failed to accept them.
6. On 7 December 2001, plaintiff saw Dr. Keith M. Maxwell, an orthopedic surgeon, for a second opinion. He opined that plaintiff was capable of working within the following restrictions: no lifting greater than 15 pounds and no sitting or standing for more than 30 minutes without being able to move around. He assigned plaintiff a 5% impairment rating to her back.
7. Dr. Andrew Rudins, a physiatrist, testified that plaintiff was capable of working with the restriction of no heavy lifting or frequent bending or twisting and that plaintiff should change from a sitting or standing position at least once an hour.
8. Dr. Daniel W. Hankley, a physiatrist, testified that he would defer to Dr. David's opinion regarding plaintiff's rating and work restrictions.
9. The private duty sitter job offered by defendant-employer did not violate restrictions given by Drs. David, Maxwell or Rudins.
10. Plaintiff is medically able to work and possesses no pre-existing limitations that would render her unemployable. Plaintiff refused suitable employment offered to her and has failed to produce evidence of a reasonable effort to find other employment.
11. Plaintiff has failed to establish total or partial disability after returning to work on 4 July 2001.
12. As stipulated above, defendants paid plaintiff temporary total disability through 1 March 2002.
13. Based upon the competent medical evidence of record, plaintiff has reached maximum medical improvement, but has sustained a 5% impairment rating to her back.
14. The medical bills marked Plaintiff's Exhibits 2 and 3 were incurred as a result of plaintiff's compensable injury and were reasonable to effect a cure, provide relief, or lessen plaintiff's period of disability.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff refused suitable employment and has failed to establish that she was totally or partially disabled after returning to work on 4 July 2001. N.C. Gen. Stat. §§ 97-29, 97-30, 97-32 (2003); Gordon v.City of Durham, 153 N.C. App. 782, 787, 571 S.E.2d 48, 51 (2002).
2. Defendants are entitled to a credit for temporary total disability compensation paid to plaintiff after 4 July 2001. N.C. Gen. Stat. §97-42 (2003).
3. Plaintiff is entitled to permanent partial disability compensation of $266.80 per week for fifteen weeks as a result of the 5% impairment rating to her back. N.C. Gen. Stat. § 97-31 (2003).
4. Plaintiff is entitled to payment of medical expenses incurred or to be incurred as a result of the compensable injury as may reasonably be required to effect a cure, provide relief, or lessen the period of disability. N.C. Gen. Stat. §§ 97-2(19), 97-25 (2003).
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Subject to counsel fees hereinafter approved, defendants shall pay plaintiff disability benefits in the weekly amount of $266.80 for fifteen weeks as a result of the 5% impairment rating to her back. N.C. Gen. Stat. § 97-31.
2. Defendants shall pay for all medical expenses incurred or to be incurred by plaintiff as a result of her compensable injury so long as such evaluations, treatments and examinations may reasonably be required to effect a cure, give relief and/or lessen plaintiff's period of disability.
3. A reasonable attorney fee in the amount of 25% of the compensation awarded for plaintiff in paragraph 1 above is approved for plaintiff's counsel. The attorney fee shall be deducted from the accrued compensation due plaintiff and paid directly to plaintiff's attorney prior to the deduction of defendants' credit.
4. Defendants are entitled to a credit for temporary total disability compensation paid to plaintiff after 4 July 2001. N.C. Gen. Stat. §97-42.
5. Defendants shall pay the costs of this action.
This the ___ day of March 2004
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/____________ BUCK LATTIMORE CHAIRMAN