ALVIN B. BYRD, EMPLOYEE-PLAINTIFF v. ECOFIBERS, INC., EMPLOYER, AND HARTFORD INSURANCE COMPANY, CARRIER-DEFENDANTS

No. COA06-807

(Filed 17 April 2007)

## 1. Workers' Compensation— maximum medical improvement—refusal to accept employment—unfounded litigation

The Industrial Commission did not err in a workers' compensation case by concluding that plaintiff had not reached maximum medical improvement and that plaintiff's refusal to accept the employment offered by defendant employer was justified because, even though there was evidence from a doctor that plaintiff reached maximum medical capacity and was able to return to full-duty work status, there was also evidence that plaintiff perceived himself to be unable to perform the tasks required by the employment offered and further wanted to wait until he was certain of his physical limitations after undergoing functional capacity evaluation.

## 2. Workers' Compensation— attorney fees—proceeding prosecuted without reasonable grounds

A workers' compensation proceeding was brought and prosecuted by defendant employer without reasonable grounds under N.C.G.S. § 97-88.1 for purposes of an attorney fee award where

defendant terminated an offer of employment to plaintiff before plaintiff could received a functional capacity evaluation and then filed a form to suspend or terminate payment based on plaintiff's failure to accept employment.

Appeal by defendants from an opinion and award filed 20 March 2006 by the North Carolina Industrial Commission. Heard in the Court of Appeals 7 March 2007.

*Jones, Hewson & Woolard, by Lawrence J. Goldman, for defendant appellants.*

*No brief for appellees.*

McCULLOUGH, Judge.

Ecofibers, Inc., and Hartford Insurance Company ("defendants") appeal from the North Carolina Industrial Commission's ("the Commission") opinion and award finding and concluding that Alvin Byrd ("plaintiff") has not reached maximum medical improvement; plaintiff's refusal to accept the employment offered by Ecofibers (defendant-employer) was justified; and the proceedings were brought and prosecuted without reasonable grounds awarding temporary total disability compensation.

Plaintiff sustained an admittedly compensable injury by accident on 8 March 2002 causing two compound fractures to the leg and a broken ankle. Defendants began paying temporary total disability benefits on 9 March 2002. Plaintiff's primary physician was Dr. Marvin Vice who performed multiple surgical procedures on plaintiff to correct the fractures and delayed union of the tibial fracture.

Defendants sent plaintiff to Dr. William Guideman for a second opinion on 15 August 2002. Dr. Guideman determined that plaintiff had a definite nonunion of the fracture site; and previous procedures had been unsuccessful as evidenced by plaintiff's inability to bear weight and the bone healing in a manner which prevented impaction. Dr. Guideman recommended additional surgery to correct the nonunion. Defendants then sent plaintiff to a third orthopedic surgeon, Dr. James Sebold, who reservedly concurred with a recommendation made by Dr. Vice that plaintiff should use a bone stimulator to resolve the delayed union but further concluded if plaintiff did not heal over the next couple of months that surgery would be needed to correct the nonunion.

Plaintiff began using the bone stimulator as recommended but the tibial fracture failed to unionize. Dr. Vice subsequently left his practice and Dr. Cuce became the treating physician for plaintiff. On 11 March 2003, Dr. Cuce released plaintiff to modified duty despite the continued nonunion of the fracture and ongoing pain and discomfort. Dr. Cuce concluded that further use of the bone stimulator would not unionize the fracture; that unionization could only be brought about by surgery and a bone graft; that such surgery was unnecessary; and despite ongoing pain and discomfort, plaintiff had reached maximum medical improvement. Plaintiff was released to full-duty status on 22 April 2003.

Plaintiff was thereafter ordered to undergo a functional capacity test on 13 May 2003. On 29 April 2003 defendant-employer notified plaintiff that he was to contact defendant-employer by 5 May 2003 where he had been released to full-duty work status. Plaintiff's wife contacted defendant-employer and informed them that plaintiff did not believe he was capable of full-duty work and that he would not know the full extent of his work limitations until he completed the functional capacity evaluation on 13 May 2003. One week prior to plaintiff's functional capacity evaluation, plaintiff was notified that defendant-employer no longer had a job available for him.

On 6 October 2003, defendants filed a Form 24 application to suspend or terminate benefits based on plaintiff's refusal to accept suitable employment after being released to full-duty work status. The Commission determined that plaintiff was justified in refusing the employment offered by defendant-employer, and the instant action was brought and prosecuted without reasonable grounds and awarded temporary total disability compensation. Defendants appeal.

[1] Defendants contend on appeal that the Commission erred in concluding that plaintiff's refusal to accept employment was justified.

Under the Worker's Compensation Act it is the Commission that performs the "ultimate fact-finding function" and not the appellate courts. *Adams v. AVX Corp.*, 349 N.C. 676, 680-81, 509 S.E.2d 411, 413 (1998), *reh'g denied*, 350 N.C. 108, 532 S.E.2d 522 (1999). Therefore, where the Commission's findings are supported by competent evidence, they are conclusive on appeal, *Hedrick v. PPG Industries*, 126 N.C. App. 354, 357, 484 S.E.2d 853, 856, *disc. review denied*, 346 N.C. 546, 488 S.E.2d 801, 801-02 (1997), and this Court "may set aside a finding of fact only if it lacks evidentiary support." *Holley v. ACTS,*

*Inc.*, 357 N.C. 228, 231, 581 S.E.2d 750, 752 (2003). Specifically, this Court may not weigh the evidence or evaluate the credibility of witnesses, as " '[t]he Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony.' " *Adams*, 349 N.C. at 680, 509 S.E.2d at 413 (citation omitted). A finding of fact is conclusive and binding on appeal "so long as there is some 'evidence of substance which directly or by reasonable inference tends to support the findings, . . . even though there is evidence that would have supported a finding to the contrary.' " *Shah v. Howard Johnson*, 140 N.C. App. 58, 61-62, 535 S.E.2d 577, 580 (2000) (citation omitted), *disc. review denied*, 353 N.C. 381, 547 S.E.2d 17 (2001).

"The burden is on the employer to show that plaintiff refused suitable employment." *Gordon v. City of Durham*, 153 N.C. App. 782, 787, 571 S.E.2d 48, 51 (2002). We have defined " 'suitable' employment," in the context of N.C. Gen. Stat. § 97-32, as "any job that a claimant 'is capable of performing considering his age, education, physical limitations, vocational skills and experience.' " *Shah*, 140 N.C. App. at 68, 535 S.E.2d at 583 (citation omitted). Once the employer shows to the satisfaction of the Commission that the employee was offered suitable work, the burden shifts to the employee to show that his refusal was justified. *See, e.g., Moore v. Concrete Supply Co.*, 149 N.C. App. 381, 389-90, 561 S.E.2d 315, 320 (2002).

This Court has previously held that an employee's own testimony as to pain and ability to work is competent evidence as to the employee's ability to work. *See Boles v. U.S. Air, Inc.*, 148 N.C. App. 493, 499, 560 S.E.2d 809, 813 (2002); *Matthews v. Petroleum Tank Service, Inc.*, 108 N.C. App. 259, 423 S.E.2d 532 (1992) (employee's own testimony concerning level of pain he suffered was competent evidence as to his ability to work); *Niple v. Seawell Realty & Insurance Co.*, 88 N.C. App. 136, 362 S.E.2d 572 (1987), (employee's own testimony as to pain upon physical exertion was competent evidence as to her ability to work), *disc. review denied*, 321 N.C. 744, 365 S.E.2d 903 (1988).

Plaintiff testified that after Dr. Cuce released him to full-duty work status he questioned his ability to do the work required by the employment offered and wanted to wait until his functional capacity test ordered by Dr. Cuce was performed before returning to work. Plaintiff testified that, while he did not know his physical limitations at the time he was asked to return to work, he knew that he could not perform full-duty work. Plaintiff further testified that he was unable

to stand on his leg for over three to four hours and that if he does, he has trouble with the pain.

The functional capacity evaluation revealed that plaintiff could return to light- to medium-duty work with limitations including no climbing, and standing limited to three to four hours. While Dr. Cuce testified that it was his opinion that plaintiff could return to full-duty work status, he further admitted that he was only testifying as to physical capacity and acknowledged that at the time of release plaintiff was in pain; but as he was not a pain specialist, he could not testify as to the limitations such pain would place on plaintiff's ability to work.

Even though there was evidence from Dr. Cuce that plaintiff reached maximum medical capacity and was able to return to full-duty work status, there was also evidence that plaintiff perceived himself to be unable to perform the tasks required by the employment offered and further wanted to wait until he was certain of his physical limitations after undergoing the functional capacity evaluation. Where there is competent evidence in the record to support the findings and such findings support the conclusion of the Commission, the assignment of error is overruled.

**[2]** Defendants further contend the Commission erred in finding and concluding that the hearing was brought and prosecuted without reasonable grounds under N.C. Gen. Stat. § 97-88.1.

Under N.C. Gen. Stat. § 97-88.1, "[i]f the Industrial Commission shall determine that any hearing has been brought, prosecuted, or defended without reasonable ground, it may assess the whole cost of the proceedings including reasonable fees for defendant's attorney or plaintiff's attorney upon the party who has brought or defended them." N.C. Gen. Stat. § 97-88.1 (2005). "Although the Commission's decision to award attorney's fees under N.C. Gen. Stat. § 97-88.1 is discretionary, '[w]hether the defendant had a reasonable ground to bring a hearing is reviewable by this Court *de novo.*' " *Hodges v. Equity Grp.*, 164 N.C. App. 339, 348, 596 S.E.2d 31, 37 (2004) (citation omitted). "This requirement ensures that defendants do not bring hearings out of 'stubborn, unfounded litigiousness.' " *Troutman v. White & Simpson, Inc.*, 121 N.C. App. 48, 51, 464 S.E.2d 481, 484 (1995) (citation omitted), *disc. review denied*, 343 N.C. 516, 472 S.E.2d 26 (1996).

The evidence presented in the instant case tended to show that plaintiff sustained an injury to his leg and ankle. After numerous

**IN RE D.R.B.**

[182 N.C. App. 733 (2007)]

surgical procedures, the bones in plaintiff's leg failed to unionize. Defendants requested that plaintiff receive a second opinion and that second opinion revealed that in order to correct the injury and allow for unionization of the bone, surgery was required. Unsatisfied with the opinion, defendants requested that plaintiff receive a third opinion. The doctor rendering the third opinion stated that a bone stimulator could possibly help unionize the bone but that if it failed to do such, surgery would be required. At the time plaintiff was released by Dr. Cuce to full-duty work status, defendants were aware that plaintiff's bones had failed to unionize. Defendants were further aware that plaintiff was ordered to undergo a functional capacity evaluation and that plaintiff was concerned about his ability to perform the duties required by the offered employment and wanted to be certain of his physical limitation before accepting the offered employment. However, defendants terminated plaintiff's offer of employment before plaintiff could receive a functional capacity evaluation and subsequently filed a form to suspend or terminate payment based on plaintiff's failure to accept employment.

Based on the aforementioned facts, immediate litigation of this case was certainly stubborn and unfounded. Therefore, this assignment of error is overruled.

Accordingly, the opinion and award of the Commission is affirmed.

Affirmed.

Judges BRYANT and LEVINSON concur.