*********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Rideout and the briefs and arguments of the parties. The appealing parties have not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 *********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. At the time of the alleged injury, giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant. *Page 2 
3. Key Risk Management Services, Inc. was the administrator on the risk for defendant.
4. Plaintiff's average weekly wage was $486.78 with a compensation rate of $324.52 per week.
 *********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 54 years old.
2. Plaintiff suffered an injury by accident on August 2, 1993, while employed by Western Carolina Center, an agency of the State of North Carolina. Plaintiff was putting a resident in a personal restraint when she was injured.
3. Defendant accepted the compensability of the injury to plaintiff's right arm, and paid her medical benefits and other compensation for that injury. Plaintiff also suffered other compensable injuries, acknowledged by defendants, both before and after August 21, 1993.
4. Plaintiff received medical treatment for her injury from Dr. Larry Anderson, an orthopedic surgeon, and subsequently from Dr. Scott McCloskey, a neurosurgeon.
5. Ms. Sharon Holt of Key Risk Management Services testified that plaintiff received payment for a 10% PPD rating to her right arm and 5% PPD rating to right hand.
6. Defendant first received notice regarding a problem with plaintiff's lower back in June 2001, almost eight years after the original compensable injury. After notification, defendant reviewed plaintiff's file and obtained three independent medical evaluations (IMEs). *Page 3 
Based on the review of the file and IMEs performed by Dr. David DuPuy of OrthoCarolina, Dr. Joseph Guarino of Piedmont Occupational and Urgent Care, and Dr. Andrea Stutesman of Rehabilitation Specialists, the defendant denied compensability of the lower back due to lack of causal connection.
7. Dr. Scott McCloskey, plaintiff's treating physician, testified that he had a "harder time" with stating whether plaintiff's chronic back pain radiating into the right leg was the proximate result of her work-related injury.
8. On cross examination, Dr. McCloskey admitted that he did not note in his medical records any complaints from plaintiff regarding lower back pain until June 11, 2001. Dr. McCloskey also testified that he normally documents what his patients' symptoms are at the time of their appointments.
9. Dr. McCloskey did not give an opinion to a reasonable degree of medical certainty, to establish a causal connection between plaintiff's accident and her complaints of lower back pain.
10. Dr. David DuPuy opined, after an examination of plaintiff and review of her medical records, which included the MRIs of her cervical and lumbar spine, that he did not think the lower back complaints were related to the August 2, 1993 injury.
11. On December 4, 2002, Dr. Joseph Guarino of Piedmont Occupational and Urgent Care conducted an IME, in which he reviewed plaintiff's medical records. Plaintiff had been diagnosed previously with degenerative changes in her lower back and a disc bulge. Dr. Guarino opined that "the fact that [Plaintiff] has had entrapment syndromes in both upper extremities lends credence to the premise that her problems are likely not work-related." *Page 4 
12. Dr. Guarino noted that "the mere allegation of a remote injury with no major ongoing treatments in the intervening time period is not sufficient evidence to suggest that an exacerbation many years hence is attributable to the prior injury."
13. Plaintiff has not shown by the greater weight of the evidence that her back condition is causally related to her compensable workers' compensation injury.
 * * * * * * * * * * *
Based upon the foregoing findings of fact, the undersigned concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff has the burden of showing, by the greater weight of the evidence, that her back condition is causally related to her compensable workers' compensation injury. Where the exact nature and probable genesis of a particular type of injury involve complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of an injury. Click v. Pilot Freight Carriers, Inc., 300 N.C. 164,167, 265 S.E.2d 389, 391 (1980).
2. While absolute certainty is not required, the medical expert must demonstrate that his or her testimony is based on more than mere speculation. Rackley v. Coastal Painting, 153 N.C.App. 469,570 S.E.2d 121 (2002), and Gordon v. City of Durham, 153 N.C.App. 782,571 S.E.2d 48 (2002). Dr. McCloskey did not give an opinion, to a reasonable degree of medical certainty, to establish a causal connection between plaintiff's accident and her complaints of lower back pain. Plaintiff has not shown by the greater weight of the evidence that her back condition is causally related to her compensable workers' compensation injury.
 * * * * * * * * * * * *Page 5 
Based upon the foregoing Findings of Facts and Conclusions of Law, the undersigned enters the following:
 AWARD
1. Plaintiff's claim for workers' compensation benefits regarding her back is DENIED.
2. Each side shall pay its own cost.
This the 30th day of May, 2007.
 S/______________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/______________________ CHRISTOPHER SCOTT COMMISSIONER
 S/______________________ LAURA K. MAVRETIC COMMISSIONER. *Page 1