IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-281

No. COA 20-904

Filed 3 May 2022

North Carolina Industrial Commission, I.C. No. 15-043917

GARY K. FORTE, Employee, Plaintiff,

v.

THE GOODYEAR TIRE & RUBBER COMPANY, Employer, LIBERTY MUTUAL
INSURANCE COMPANY, Carrier, Defendants.

Appeal by plaintiff from opinion and award entered 8 October 2020 by the
North Carolina Industrial Commission. Heard in the Court of Appeals 25 January
2022.

> *Law Offices of Kathleen G. Sumner, by Kathleen G. Sumner & David P. Stewart
> and Gervasi Law, by Jay A. Gervasi, Jr., for plaintiff-appellant.*
>
> *Hedrick Gardner Kincheloe & Garofalo LLP, by M. Duane Jones & Jennifer I.
> Mitchell, for defendant-appellees.*

DIETZ, Judge.

Plaintiff Gary Forte appeals an opinion and award from the Industrial
Commission rejecting his workers' compensation claim.

On appeal, Forte asserts an argument that appears to be a question of first
impression in our State's appellate courts. Under N.C. Gen. Stat. § 97-85, the Full
Commission may reconsider the evidence before the deputy commissioner, receive

further evidence, and amend the deputy commissioner's award "if good ground be shown" to do so.

¶ 3        Forte argues that the Full Commission's opinion and award in this case did not expressly state that the Commission found any good grounds to reconsider the evidence and alter the award of the deputy commissioner, nor did the Commission expressly state what it determined those good grounds to be.

¶ 4        As explained below, we reject this argument. Consistent with how our case law handles discretionary "good cause" analyses in other contexts, we hold that the Commission need not expressly state that it found good grounds and need not expressly identify the good grounds on which it relied in its discretionary decision. When the Commission's opinion and award is silent on this issue, we will presume the Commission found the necessary good grounds if there is a basis in the record to support that finding in the Commission's sound discretion.

¶ 5        Forte also asserts a series of challenges to the Commission's findings of fact. Under the narrow standard of review applicable to fact finding by the Commission, we reject these arguments. The Commission's findings—including, most importantly, its determination that Forte's own testimony was not credible—are supported by at least some competent evidence in the record and those findings, in turn, support the Commission's conclusions of law. We therefore affirm the Commission's opinion and award.

**Facts and Procedural History**

¶ 6    Forte worked for nearly a decade as a roll changer for Goodyear Tire, a position that involves handling heavy cassettes filled with rubber. Forte testified that, while at work on 1 June 2015, a truck driver unexpectedly stacked cassettes directly behind him in his normal work area and, as he moved to handle a cassette in front of him, he twisted his left leg and felt immediate pain in his left knee.

¶ 7    The next day, Forte visited an urgent care facility. Medical records from the visit indicate that Forte "experienced symptoms for one week and denied a fall, twisting event, or direct blow." Two days later, Forte visited his primary care physician and reported pain that "started three days ago." Those records did not indicate that the pain resulted from a workplace injury.

¶ 8    Two weeks later, Forte visited an orthopedic specialist. The medical notes from this visit indicate that Forte stated his knee "becoming painful 2 weeks ago for no reason."

¶ 9    After a motor vehicle accident on 20 June 2015, Forte returned to the orthopedic specialist and a medical note from that visit indicates that Forte "did not recall any acute injury or trauma but his left knee pain began acutely" four weeks earlier. His treating orthopedic specialist performed surgery on this knee on 21 August 2015 to address a meniscal derangement.

¶ 10　　　　In September 2015, Forte reported the alleged workplace injury to his employer for the first time. Forte later testified that he did not immediately report his workplace injury because he "didn't consider that as an accident":

> "[W]hen my knee messed up I could recall it but like I said I didn't . . . have what you would call an actually – somebody hit me with a forklift or whatever so I didn't consider that as an accident."

Forte later filed a workers' compensation claim and Defendants denied the claim. At a hearing before the deputy industrial commissioner, the Commission received testimony from Forte and Ashely Flantos, Goodyear's workers' compensation manager. The Commission also received deposition transcripts from Forte's two treating physicians.

¶ 11　　　　The deputy commissioner issued an opinion and award finding Forte to be a "compelling and credible witness." The deputy commissioner found that "the greater weight of the evidence supports the testimony of Plaintiff regarding the twisting accident and injury to his knee." The deputy commissioner concluded that Forte "sustained a compensable injury by accident to his left knee arising out of and within the course of his employment" and was entitled to workers' compensation benefits.

¶ 12　　　　Defendants timely filed a notice of appeal with the Full Commission. After a hearing, the Full Commission issued an opinion and award finding that Forte did not sustain a workplace injury by accident. The Full Commission found that Forte's

testimony was not credible based on Forte's inconsistent reports to medical providers, "which did not include an account of a traumatic workplace event"; the vagueness of his testimony concerning motor vehicle accidents before and after the alleged injury; and his failure to report the workplace injury until three months after he claimed it occurred. Forte timely appealed the Commission's opinion and award to this Court.

**Analysis**

**I.     Good grounds to reconsider evidence and amend award**

¶ 13          Forte first challenges the Full Commission's decision to reconsider the evidence, make fact findings different from those found by the deputy commissioner, and change the award without expressly stating that the Full Commission determined there were good grounds to do so.

¶ 14          In a workers' compensation case, the Full Commission may reconsider the evidence before the deputy commissioner, receive further evidence, and amend the deputy commissioner's award "if good ground be shown" to do so. N.C. Gen. Stat. § 97-85(a). Whether this "good ground" standard is satisfied "is a matter within the sound discretion of the full Commission, and the full Commission's determination in that regard will not be reviewed on appeal absent a showing of manifest abuse of that discretion." *Crump v. Indep. Nissan*, 112 N.C. App. 587, 589, 436 S.E.2d 589, 592 (1993). This is consistent with how our case law handles discretionary "good cause" analyses in other contexts.

¶ 15     The parties acknowledge that our State's appellate courts have never addressed whether the Full Commission must make an express finding that good grounds exist, or expressly state the reasoning for that determination. Ordinarily, when a trial court has discretion to act upon a showing of good cause and makes no express findings, "we presume the trial judge found the necessary 'good cause'" and examine whether the record supports that finding. *State v. Roache*, 358 N.C. 243, 274, 595 S.E.2d 381, 402 (2004) (citation omitted).

¶ 16     We see no reason to create a different rule for this discretionary decision of the Full Commission. The Full Commission indicated that it heard the case and entered its opinion and award "pursuant to N.C. Gen. Stat. § 97-85." Moreover, there is no indication in the record that the Full Commission acted under any misapprehension of the law when assessing its authority to reconsider the deputy commissioner's findings. Accordingly, we presume the Full Commission found the necessary good grounds to reconsider the evidence and change the resulting award.

¶ 17     Our review on appeal is limited to examining whether this implied finding of good grounds was a manifest abuse of discretion. *Crump*, 112 N.C. App. at 589, 436 S.E.2d at 592. In light of the Commission's findings and conclusions, discussed in more detail below, we hold that the Commission's determination that good grounds existed was well within the Commission's sound discretion. We therefore reject Forte's argument.

## II. Competent evidence to support the award

¶ 18        Forte next argues that the Full Commission erred by requiring him to present corroborating evidence to support his otherwise competent testimony.

¶ 19        To establish a compensable injury in a workers' compensation case, "the plaintiff must introduce competent evidence to support the inference that an accident caused the injury in question." *Cody v. Snider Lumber Co.,* 328 N.C. 67, 70, 399 S.E.2d 104, 106 (1991). When the Commission finds and concludes that the employee did not sustain a compensable workplace injury, our review "is limited to a determination of (1) whether the Commission's findings of fact are supported by any competent evidence in the record; and (2) whether the Commission's findings justify its conclusions of law." *Goff v. Foster Forbes Glass Div.*, 140 N.C. App. 130, 132–33, 535 S.E.2d 602, 604 (2000).

¶ 20        "A finding of fact is conclusive and binding on appeal so long as there is some evidence of substance which directly or by reasonable inference tends to support the findings, even though there is evidence that would have supported a finding to the contrary." *Byrd v. Ecofibers, Inc.*, 182 N.C. App. 728, 730–31, 645 S.E.2d 80, 82 (2007) (cleaned up). "In weighing the evidence, the Commission is the sole judge of the credibility of the witnesses and the weight to be given to their testimony, and the Commission may reject entirely any testimony which it disbelieves." *Hedrick v. PPG Indus.*, 126 N.C. App. 354, 357, 484 S.E.2d 853, 856 (1997).

¶ 21        Here, the Commission made findings about Forte's own testimony that referenced a lack of corroborating evidence. For example, the Commission found that Forte testified about a coworker who witnessed the accident, but did not offer any testimony from that coworker. Similarly, the Commission found that Forte testified that he went to the employer's medical clinic after the accident and spoke to a nurse about his injury. But the Commission again found that Forte did not offer any testimony from the nurse or any evidence that corroborated this visit to the clinic.

¶ 22        Forte contends that these findings show the "Commission required Forte to present corroborating testimony to support his own credible testimony." That is not a fair reading of the Commission's findings. The Commission ultimately found that Forte's testimony was not credible. The Commission's references to the lack of any corroborating evidence in its findings were part of the Commission's explanation for why, in light of inconsistencies in Forte's testimony, the Commission chose not to credit his testimony concerning the alleged accident.

¶ 23        Forte next argues that the Commission relied on "incompetent, unsupported, and inadmissible allegations of defense counsel" during Forte's cross-examination to support the Commission's findings. In that cross-examination, defense counsel asked Forte a series of questions about alleged motor vehicle accidents that occurred both before and after the alleged workplace injury. Defendants correctly point out that Forte never objected to those questions. But more importantly, the Commission did

not rely on those questions, or Forte's answers, as substantive evidence of these motor vehicle accidents. The Commission's references to this testimony were part of a lengthy series of findings demonstrating why the Commission chose not to credit Forte's testimony because it was inconsistent and raised questions about Forte's ability to recall events during that time frame.

¶ 24        As noted above, it is the Commission's role to assess credibility of witnesses and the weight to be given to witness testimony. *Hedrick*, 126 N.C. App. at 357, 484 S.E.2d at 856. The Commission's findings show that it properly weighed Forte's testimony based on competent evidence and ultimately found key portions of that testimony not credible. That credibility determination is left to the Commission and not one this Court can review on appeal. *Id.*

¶ 25        Finally, Forte argues that the Commission "misrepresented" the expert testimony regarding causation. Having determined that the Commission properly found that Forte did not sustain a workplace injury by accident, we need not address this argument. In any event, Forte's challenge to this portion of the Commission's findings is likewise meritless. Forte argues that the experts initially testified that his workplace accident caused his injury and only began to equivocate after defense counsel presented them "with matters not in evidence in cross examination." But again, Forte did not object to this questioning during cross-examination. More importantly, the Commission did not misrepresent the experts' testimony. During

cross-examination, the experts acknowledged that they could not say with certainty that the alleged workplace injury was the cause of the medical conditions for which they treated Forte. The Commission accurately recounted that testimony in its findings.

In sum, we hold that the Commission's findings of fact are supported by at least some competent evidence in the record, including the Commission's determination not to credit Forte's own testimony, and that those findings, in turn, support the Commission's conclusions of law. We therefore affirm the Commission's opinion and award.

## Conclusion

We affirm the Commission's opinion and award.

AFFIRMED.

Judges INMAN and HAMPSON concur.